IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDGAR TIEDEMANN, Petitioner, v. STATE OF UTAH, Respondent. | **ORDER TO SHOW CAUSE REGARDING ORDER TO AMEND HABEAS PETITION** Case No. 2:10-CV-904 DB District Judge Dee Benson |

Petitioner, Edgar Tiedemann, an inmate at the Utah State Prison, filed this *pro se* habeas corpus petition. *See* 28 U.S.C.S. § 2254 (2011). In reviewing the petition to determine whether to order an answer, the Court determined that Petitioner's petition was deficient. *See id.* Petitioner was ordered to cure the deficiencies if he wished to pursue his claims. Instead of responding with an amended petition as required, Petitioner filed miscellaneous addenda and additional documents. This did not comply with the Court's Order. The Court therefore repeated its orders and guidance to Petitioner and ordered him to show cause why his petition should not be dismissed for failure to comply.

Petitioner then filed an Amended Petition. In reviewing the Amended Petition to determine whether to order an answer, the

Court determines that Petitioner's Amended Petition is also deficient.

### Deficiencies in Amended Petition:

Petition has claims appearing to be based on the illegality of Petitioner's current confinement; however, they are presented in a confusing manner.  The Amended Petition was apparently not submitted using the legal help Petitioner is entitled to by his institution under the Constitution.  *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).  Petitioner should contact the prison contract attorneys for help in fashioning an initial pleading.

### Repeated Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P.

2

8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following points before refiling his petition. First, the revised petition must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original petition. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supercedes original). Second, the petitioner must clearly state

whom his custodian is and name that person as the respondent. Third, Petitioner may generally not bring civil rights claims as to the conditions of his confinement in a habeas corpus petition. Fourth, any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254; any claims about the execution of Petitioner's sentence should be brought under 28 U.S.C.S. § 2241. Finally, Petitioner should seek help from the prison's contract attorneys with preparing initial pleadings.

## Motion for Appointed Counsel

Petitioner has also filed a motion asking the Court to request an attorney to represent him free of charge.

The Court notes that Petitioner has no constitutional right to appointed pro bono counsel in a federal habeas corpus case.[1] Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel.[2] However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition.[3]

---

[1] *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998).

[2] *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts.

[3] *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2011).

4

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel at this time. First, it is yet unclear that Petitioner has asserted any colorable claims.[4] Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[5] Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance."[6] The Court thus denies for now Petitioner's motion for appointed counsel.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Petitioner shall have **THIRTY DAYS** from the date of this order to show cause why his petition should not be dismissed because of his failure to cure the deficiencies noted above.

(2) The Clerk's Office shall again mail Petitioner a copy of the Pro Se Litigant Guide.

(3) If Petitioner fails to timely cure the above noted deficiencies in accordance with the instructions herein this action will be dismissed without further notice.

---

[4] *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

[5] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

[6] *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343.

(4) Petitioner's motion for appointed counsel is DENIED. (See Docket Entry # 6.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf.

DATED this 18th day of July, 2011.

BY THE COURT:

_____
DEE BENSON
United States District Judge